█ ELIAS ORENSTEIN, Doing Business under the Name of BARCLAY SERVICE AGENCY, et al., v. HOTEL ASSOCIATION OF NEW YORK CITY, INC., et al.— Motion to dismiss appeal granted, with $10 costs. Concur — Peck, P. J., Breitel, Valente and Bastow, JJ.

█ ELIAS ORENSTEIN, Doing Business under the Name of BARCLAY SERVICE AGENCY, et al., v. HOTEL ASSOCIATION OF NEW YORK CITY, INC., et al.— Motion to dismiss appeal granted with $10 costs. Concur — Peck, P. J., Breitel, Valente and Bastow, JJ.

█ In the Matter of WILLA W. ARMULL, as Administratrix with the Will Annexed of MAY H. BURGMANN, Deceased, Respondent. JOHN C. DONNELLY, Appellant.— Motion to dismiss appeal granted, with $10 costs. Concur — Peck, P. J., Breitel, Valente, McNally and Bastow, JJ.

## (February 15, 1957)

█ In the Matter of the Arbitration between JOSEPH KATZ, Respondent, and BENJAMIN BUBKIN et al., Appellants.— Order unanimously affirmed, with $50 costs and disbursements to the petitioner-respondent. No opinion. Concur — Peck, P. J., Breitel, Botein, Rabin and Frank, JJ.

█ TERRY CONTRACTING, INC. v. COMMERCIAL INSURANCE COMPANY OF NEWARK, NEW JERSEY.— Motion for leave to appeal to the Court of Appeals or for reargument denied, with $10 costs. Concur — Peck, P. J., Breitel, Botein, Valente and Bergan, JJ. [See ante, p. 655.]

## (February 19, 1957)

█ MIRIAM LEE et al., Appellants, v. JACK LEHRER, Respondent.

*Per Curiam.* This case presents the question of the proper procedure before a Justice holding a pretrial part when considering the revocation of a general preference granted by the Trial Term Calendar Judge.

While one Judge may not sit in review of the decision and judgment of another Judge in the same court, it is within the province of a Justice holding a pretrial conference to reconsider a plaintiff's claim for damages and its proper preference status in the light of additional or different information not available or brought to the attention of the Calendar Judge when he granted the original preference. Indeed, the Justice at a pretrial part in conference with the attorneys has a fuller opportunity to elicit all the pertinent facts relating to the nature and extent of the injury than the Calendar Judge who acts upon motion papers alone.

But a preference once granted should not be revoked unless the facts elicited at a pretrial conference satisfactorily show that the preference should not be continued and a record is made at the conference of the facts upon which the Justice relied in revoking the preference.

There is no such record before us in this case. All we have are affidavits from the attorneys, revealing nothing as to the facts developed at the pretrial hearing or any variation from the facts alleged in the bill of particulars upon which the preference was originally granted. It is claimed by the attorney for the plaintiff, although challenged by the attorney for the defendant, that the preference was revoked because the plaintiff's counsel refused to waive a jury trial.